ANTONIO CRISPO, Respondent, v. ST. MARY'S CEMETERY ASSOCIATION, INC., Appellant.— This is an appeal by defendant from an order of the Rensselaer Trial Term of the Supreme Court directing the opening and inspection of five graves of the plaintiff's family in defendant's cemetery.  The action is brought to recover damages for the alleged wrongful acts of defendant in scattering the remains of one of plaintiff's deceased children in the process of preparing a new grave for another burial.  In the complaint there is a positive allegation that defendant perpetrated the alleged wrongful act and hence it is unnecessary to open the graves in order for plaintiff to establish a *prima facie* cause of action.  Order reversed, on the law and facts, without costs, and motion denied, without costs.  Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ., concur.

In the Matter of Supplementary Proceedings: HUNTER PRINTING COMPANY, INC., Respondent, v. ACE RESTAURANT, INC., Judgment Debtor.  UNITED LOAN INDUSTRIAL BANK, Appellant.— Appeal from an order of the Special Term of the Supreme Court, entered in the Albany county clerk's office on July 27, 1939, directing the Comptroller of the State of New York to pay to the respondent judgment creditor part of refund moneys created through the surrender of a liquor license by the judgment debtor.  Appellant had loaned money to the license holder and taken as security an assignment of moneys which might thereafter be due because of the surrender of the license.  The assignment was filed with the State Comptroller on December 3, 1937, two days after the surrender of the license.  On December 7, 1937, the respondent obtained a judgment against the licensee.  On February 11, 1938, it served a third party subpoena upon the State Comptroller in a proceeding supplementary to judgment and in August, 1938, brought action in the Supreme Court to have the assignment to appellant declared void.  A motion by respondent in that action for summary judgment was denied.  It then moved at Special Term in this proceeding for an order directing the Comptroller to pay over to it sufficient of the funds arising from the surrender of the license to satisfy its judgments.  This appeal is from the order granting that motion.  We believe that an arguable issue exists which should be tried in an action and not disposed of summarily.  (*Esbeco Distilling Corp.* v. *Block, ante*, p. 757; Id. p. 1001.)  Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.  Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ., concur.

MAUDE M. HELM, Respondent, v. JOHN HARRINGTON, Appellant.— Appeal from an order of the Supreme Court, Onondaga Special Term, denying a motion to change the venue of the action from the county of Cortland to the county of Onondaga.  It does not appear that the ends of justice will be promoted by the change.  Order unanimously affirmed, with ten dollars costs and disbursements.  Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.